UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-20803-RAR
(CASE NO. 14-CR-20014-RAR-1)

TRAVIS LAMONT SMITH,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.

_____/

## ORDER OF DISMISSAL

**THIS CAUSE** comes before the Court on *pro se* Movant Travis Lamont Smith's "Motion for Reconsideration of Sentencing in Light of the Decision in Brandon Dupree En Banc" ("Mot."). [ECF No. 6].  Movant has filed this Motion pursuant to FED. R. CIV. P. 60(b)(5) and (b)(6), asking the Court to reconsider the legality of his sentence based upon the Eleventh Circuit's recent decision in *United States v. Dupree*, __ F.4th ___, 2023 WL 227633 (11th Cir. Jan. 18, 2023) (en banc).[1]  Movant argues that the Eleventh Circuit's decision in *Dupree* means that he "no longer has the [predicate offenses] required to qualify me as career offender" under the Sentencing Guidelines, and that his current sentence is now illegal.  Mot. at 2.  Irrespective of whether Movant's claim has any merit, the Court lacks jurisdiction to consider the Motion since it amounts

---

[1] Federal courts "have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990).  Although Movant doesn't explicitly say so, the Court construes the Motion asking the Court to reconsider its May 29, 2021 Order dismissing Movant's 28 U.S.C. § 2255 Motion to Vacate as time-barred, *see* Order of Dismissal [ECF No. 5], since a prisoner can only challenge the legality of his federal sentence under § 2255, *see* 28 U.S.C. § 2255(a).

to a successive § 2255 motion that was filed without authorization from the Eleventh Circuit. Accordingly, the Court must **DISMISS** the Motion for lack of subject-matter jurisdiction.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner is generally barred from filing a second or successive motion to vacate. *See Panetti v. Quarterman*, 551 U.S. 930, 947 (2007) ("In the usual case, a petition filed second in time and not otherwise permitted by the terms of § 2244 will not survive AEDPA's 'second or successive' bar."). If the prisoner believes that his second or successive petition is sufficiently premised on either "newly discovered evidence" or on "a new rule of constitutional law," he or she must first file an application "in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(2), (3); *see also* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals[.]"). A district court does not have the jurisdiction to entertain a successive § 2255 motion absent express authorization from the Eleventh Circuit. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it.").

AEDPA's rules regarding successive applications for collateral review also apply to Rule 60(b) motions seeking relief from a judgment denying a § 2555 motion to vacate. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) ("We have concluded, nevertheless, that the AEDPA's successive-petition rules apply to Rule 60(b) motions seeking relief from a judgment denying § 2255 relief."). A Rule 60(b) motion is "properly construed as a second or successive § 2255 motion if it either (1) seeks to add a new ground for relief or (2) attacks the district court's prior resolution of a claim on the merits[.]" *Saint Surin v. United States*, 814 F.

App'x 540, 542 (11th Cir. 2020) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). Conversely, a Rule 60(b) motion will <u>not</u> be treated as a successive § 2255 motion if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532. In short, "Rule 60 motions for relief from judgment may not be used to evade the bar on second or successive [applications]." *Viera v. Fla. Dep't of Corr.*, 817 F. App'x 810, 812 (11th Cir. 2020) (citing *Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) (en banc)).

In his original § 2255 motion, Movant argued that his sentence had been illegally enhanced under § 4B1.2(b) of the United States Sentencing Guidelines, as his state court convictions for violating Fla. Stat. § 893.13 encompassed conduct that was outside the scope of § 4B1.2(b). *See* Motion to Vacate [ECF No. 1] at 4 ("The Florida statute imply the term 'something' that broaden the conduct targeted by both 924(e) and 4B1.2(b) and disqualifying it use as a predicate offense for enhancement purposes.") (errors in original). The Court dismissed the Motion and denied a certificate of appealability under 28 U.S.C. § 2253, concluding that the Motion was time-barred under § 2255(f). *See* Order of Dismissal [ECF No. 5] at 6–7. The Court's decision to dismiss the Motion as time-barred constituted a final order that disposed of the Motion on its merits, so any future § 2255 motions filed by Movant must be considered "second or successive." *See Carter v. United States*, 405 F. App'x 409, 410 (11th Cir. 2010) ("The district court dismissed Carter's first motion to vacate as untimely, that dismissal constituted a dismissal with prejudice, and Carter has not sought permission from this Court to file a successive motion.").

The instant Motion is not only a new attack on the legality of Movant's sentence, but it arguably seeks to repackage Movant's original argument that § 4B1.2(b) of the Sentencing Guidelines does not apply. *See* Mot. at 2. Since Movant's Rule 60(b) Motion is "based on a

purported change in the substantive law governing [his] claim," it must be reconstrued as a successive § 2255 motion.  *Gonzalez*, 545 U.S. at 531–32.

Because the Petition is successive, this Court lacks jurisdiction to consider the contents therein since the Eleventh Circuit Court of Appeals must first grant Petitioner an application to file a second or successive petition.  *See Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 (11th Cir. 2020) ("Absent authorization from [the court of appeals], the district court lacks jurisdiction to consider a second or successive habeas petition."); *accord* 28 U.S.C. § 2244(b)(3)(A).  In addition, the Court cannot issue a certificate of appealability, as it lacks jurisdiction to consider the Petition.  *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) ("Without such authorization, the district court lacked subject matter jurisdiction to consider the successive petition, and therefore could not issue a COA with respect to any of these claims.").

Based on the foregoing, it is **ORDERED AND ADJUDGED** that the Motion [ECF No. 6] is **DISMISSED** for lack of subject-matter jurisdiction.  Any pending motions are **DENIED as moot**.  Further, any demands for an evidentiary hearing are **DENIED**, and a certificate of appealability shall **NOT ISSUE**.  This case is **CLOSED**.

**DONE AND ORDERED** in Miami, Florida, this 1st day of February, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:      Travis Lamont Smith, *pro se*

          Counsel of record